UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| NIPPON OIL EXPLORATION U.S.A. LIMITED | * | CIVIL ACTION |
| | * | |
| | * | NO: _____ |
| VERSUS | * | |
| | * | JUDGE_____ |
| | * | |
| MURPHY EXPLORATION & PRODUCTION | * | MAG_____ |
| COMPANY - USA | * | |
| | * | **JURY DEMAND** |

* * * * * * * * * * * * *

**COMPLAINT AND JURY DEMAND**

Plaintiff, Nippon Oil Exploration U.S.A. Limited, for its Complaint against defendant, Murphy Exploration & Production Company - USA, with respect represents:

1.

Plaintiff Nippon Oil Exploration U.S.A. Limited (hereinafter, "Nippon") is a Delaware corporation, having its principal place of business in the State of Texas.

2.

Defendant, Murphy Exploration & Production Company - USA (hereinafter "Murphy"), is, on information and belief, a Delaware corporation, having its principal place of business in the State of Arkansas.

3.

Murphy is subject to personal jurisdiction in this Honorable Court because it conducts substantial business in the State of Louisiana, in particular, in the Eastern District of Louisiana. Murphy may be served through its agent for service of process, CT Corporation System, 5615 Corporate Boulevard, Suite 400B, Baton Rouge, Louisiana 70808.

4.

Venue is proper in this Honorable Court because Murphy may be found in the State of Louisiana and in the Eastern District of Louisiana. Further, the Eastern District of Louisiana is the district nearest the place where the cause of action arose.

5.

This Court has subject matter jurisdiction over the claims asserted herein by virtue of the Outer Continental Shelf Lands Act, 43 U.S.C. 1333, et seq.

6.

Nippon was at all times pertinent the operator of a certain Oil and Gas Lease, bearing serial number OCS-G 2551, granted by the United States of America, covering all of Block 537, West Cameron Area, South Addition. The said lease is located on the Outer Continental Shelf, off of the coast of the State of Louisiana.

7.

Murphy was at all times pertinent a joint lease holder and participant in the aforementioned Lease, and was a party to a certain Operating Agreement, dated March 1, 1974, governing operations on the said Lease. Pursuant to the Operating Agreement, Murphy assumed financial obligations relating to the plugging and abandonment of the Platform "A" and the A-1 and

A-2 Wells located on the Lease.

8.

Murphy, on or about January 8, 1998, executed an Assignment of Record Title Interest, wherein effective as of June 12, 1997, all of its right, title, and interest in the aforementioned Lease was conveyed to Pennzoil Exploration and Production Company, Nippon's predecessor in title. The Assignment was made subject to the terms and provisions of the Operating Agreement. The Assignment was a result of Murphy electing not to participate in the drilling of the No. 3ST Well on the Lease, which was proposed as a "lease-saving" operation under Section VI.6 of the Operating Agreement, attached hereto as Exhibit "A," and which is adopted as if copied herein in extenso.

9.

Because Murphy did not participate in the "lease-saving" operation, Murphy is responsible for its share of obligations arising from the Lease which accrued prior to the effective date of the Assignment. Such accrued obligations include the plugging and abandonment of the A-1 Well and A-2 Well, and the decommissioning of Platform A on the Lease.

10.

Murphy is contractually and legally liable for its accrued proportionate share of obligations associated with the subject Lease. Nippon timely submitted to Murphy all Authorizations for Expenditure and cost estimates, and has otherwise satisfied all contractual and legal conditions precedent to payment. Notwithstanding amicable demand, however, Murphy is in breach of its obligations, and has refused to pay its proportionate share of the costs and expenses associated with the plugging and abandonment of the subject lease and the decommissioning of the

platform. To date, Murphy's share of said obligation is in excess of $3,037,356.99.

11.

Nippon seeks recovery of Murphy's proportionate share of costs and expenses associated with the plugging and abandonment of the subject lease and the decommissioning of the platform. In addition to the aforementioned damages, Nippon has sustained, and seeks recovery of additional damages including attorneys' fees, miscellaneous expenses, and any other damages available pursuant to the Operating Agreement and/or that may proven at the trial of this matter.

**JURY DEMAND**

Nippon hereby requests a trial by jury on all issues raised at this time or by any supplemental or amending pleadings.

**WHEREFORE**, plaintiff, Nippon Oil Exploration U.S.A. Limited, prays that defendant, Murphy Exploration & Production Company - USA, be cited to appear and answer this Complaint and after expiration of all legal delays and due proceedings had, that there be trial by jury and judgment in plaintiff's favor:

(a) For Murphy's proportionate share of plugging and abandonment and decommissioning costs and expenses, and also for attorneys' fees, court costs, expert costs, miscellaneous expenses, and any other damages available pursuant to the Operating Agreement and/or that may proven at the trial of this matter, and other costs with interest thereon until paid;

(b) All other general and equitable relief to which plaintiff is entitled to in the premises.

Respectfully submitted,

/s/ Brendan P. Doherty
KENNETH H. LABORDE (NO. 8067)
BRENDAN P. DOHERTY (NO. 28556)
GIEGER, LABORDE & LAPEROUSE
Suite 4800, One Shell Square
New Orleans, Louisiana 70139
Telephone: (504) 561-0400
Facsimile: (504) 561-1011
Attorneys for Nippon Oil Exploration USA, Ltd.

**PLEASE WITHHOLD SERVICE ON:**
Murphy Exploration & Production Company, Inc.
through its agent for service of process:
CT Corporation System
5615 Corporate Boulevard
Suite 400B, Baton Rouge, Louisiana 70808